19-1143 Mary Catherine O'Brien v. Deutsche Bank Nat'l Trust Co. et al. Good afternoon. May it please the Court, Kristen Thurbide, on behalf of the appellant, Captain O'Brien. So just as a threshold matter, this appeal relates to the wrongful dismissal of two claims from my client's complaint, a single claim for a violation of Chapter 93, Section 49, and additionally a dismissal of a claim for Chapter 93A, the Consumer Protection Act. Just to sort of clarify from the outset, there is a question here as to whether FOREA would bar either of the claims that were brought in the complaint, and the district court judge did in her holding specifically articulate that she found that because these claims were brought defensively and not as affirmative claims and that they were not barred by FOREA. And that was specifically held even within the context of her order of dismissal. Is that true only as to this request for injunctive relief? Are you saying that in light of that ruling you can also get damages on these claims? She's not seeking damages on these claims. So just injunctive relief? Exactly, right. So those claims were brought defensively for equitable relief exclusively. So there has been no claims for any type of affirmative relief. And that was recognized by the district court here. The reasons for the dismissal were not related in any way to FOREA. So I'm going to sort of skip past that because I don't think – I'm sorry. Just as a threshold matter, doesn't your client have to somehow show that the bank, which made the loan, made some positive misrepresentation to her of some kind? Because she signed these documents. The misrepresentations on the documents were made by the person that she hired in order to get her an additional loan over the one she had acquired when she bought the property. So all of what transpired, she knew that she had hired someone to get the loan. She made the representations, even though the misrepresentations may have been made by the person that she hired. But she is responsible for those misrepresentations, isn't she? What can possibly be the obligation of the bank under those circumstances? Well, there have certainly been a significant number of cases where loans have been issued with predatory terms, where it's arguable that the borrowers – But she's the reason why this loan was made. She made the representations to the bank as to her income. Did she not? That was made by the person who was doing it on her behalf, or am I misreading the record? She was referred to a mortgage broker. Correct. And a mortgage broker completed the application. Correct. And that application stated her income at a level where she could afford the mortgage. But that was not representative of what her actual income was at that time. That's true, but the bank didn't have anything to do with that. That has to do with what her representative did, and she signed on to it. But the bank also took a step of approving the loan without reviewing any documentation. Well, in that period of time, we were in a situation where many banks approved loans which they shouldn't have. They didn't look at. But does that make them liable because they're stupid? Yes, Your Honor. I wouldn't say that it makes them liable for being stupid. I would say that it makes them liable for being willfully negligent and for making loans which they knew from the outset were unlikely. Well, they didn't know because if you looked at the straight paperwork, she had enough money to handle that loan. The problem was the paperwork that she approved was false. Why is that the bank's problem? So the terms of the loan that the bank issued, it's not just that the bank made a loan that didn't fit with her ability to repay based on an income perspective. The bank also approved a loan which negatively amortized. It offered an artificially low monthly payment, which was less than the amount of monthly interest to carry the loan. Which was disclosed, was it not? No, it was not. There have been quite a few of these loans, the pick-a-payment type loans, where they offered borrowers an option to pay a lesser amount that didn't include the required monthly interest to carry the loan without providing a complete picture to the borrowers that the loan is going to negatively amortize. Instead of making payments on a monthly basis with the expectation that most people would have. Am I right that the district court did not address these merits arguments? Right, and that's partially because of the fact that these claims that were raised by the client... The district court's rationale was statute of limitations? Right, but also because the claims that were raised in the complaint by the appellant here are not based on the origination of the loan. But she's arguing the statute of limitations doesn't apply here anyway. Well, I'm not arguing that, no. So there is a statute of limitations, certainly. For the 93A claim. For the 93A claim. Yeah, but he applied the wrong one. I'm sorry? He applied the wrong one in your view. The district court applied the wrong one in your view. Correct, because the district court assumed that the claims relate solely to the origination, which they don't. But I'm just trying to understand what, for purposes of the appeal, as you understand it, the reason you lost on the 93A claim... Is the statute of limitations. Is the statute of limitations. You make an argument that's wrong. Yes. The consequence of that would be to vacate and remand for the district court to now address the merits? Yes. Okay. In which you could either win or lose on the points Judge Stahl is asking you about. Yes, that's correct, I suppose, except that she didn't bring claims. And has any argument been made to us by the defendant in this case that we can affirm the district court, not on the statute of limitations, but on the merits because the merits are so weak? No, the arguments that were made by the appellees here draw more of a false equivalence between defensive claims raised under Chapter 93A and claims raised in recoupment. And they actually have referred to recoupment 10 or 11 times in their briefing. And the district court judge also, in their opinion, referenced a case and suggested that similarly this should be dismissed because these claims, which sound in recoupment, can't possibly satisfy the statute of limitations as they go back. And the best precedent for you getting around CREA on the ground, this is not the statute of limitations issue, this is the defense of action, is BALDA. Yes, it is. And could you just explain to me that obviously there was a different cause of action being brought in BALDA. Exactly. Than here, because here you're bringing a Chapter 93A claim. Right, so the cause of action in BALDA was actually an ECOA complaint. And the argument was that one of the spouses had not signed voluntarily, I believe. See, one thing that is just, and I don't know whether this matters, but that's a claim that goes to the basis for the legitimacy of the initial loan. Right. And I'm just wondering, at least there are some differences between the type of claim you're bringing, because the type of claim you're bringing, as the statute of limitations points out, can only be brought once they start to try and enforce it. Whereas, is it right that the claim in BALDA could have been brought in advance of the foreclosure action? No. Well, I suppose some of the claims within BALDA could have been. I'm in a little bit of trouble about that, whether this is within BALDA for that reason, whether this is truly a defensive action if the nature of the claim only arises in consequence of the separate conduct in the terms of the enforcement. I just don't know if BALDA quite addresses that issue. Well, so the central holding in BALDA was that for the purposes of determining whether or not a claim is defensive in nature, it doesn't matter who the plaintiff is. I get that. You have to analyze the claim itself. That's what I'm trying to do. Right. So the claim itself there was a challenge to whether she had signed the loan at all. Right. Here you're challenging their enforcement practices. Those are just different. Right. So how do we get from we have to extend BALDA to now encompass this type of equitable action. Right. So what's the logic for doing that? Well, specifically the way that the BALDA decision applies here is in the analysis of the claims themselves as to whether or not they are actually defensive claims or if they are affirmative claims. Here, as in that case in BALDA with the particular claims, they were not seeking affirmative compensation. They were not seeking any sort of... But is the test just whether it's the relief then? Is that the sole test? Right. If it's equitable relief, not any affirmative payment. And the issue, of course... So that's all we look at is what the relief sought is? In terms of whether it's a defensive claim. Determining whether it's an equitable claim and a defensive claim? I would say that this is... You're talking about whether it implicates PARIA? Yeah. Yeah. So the court specifically held it doesn't. And because of the fact that these claims are defensive in nature... I understand that. I'm trying to figure out whether it's right to have done that. Right. And one precedent that would suggest it was right would be BALDA. Right. But unlike BALDA, this is a different type of claim than the claim that was brought in BALDA. Well, I think that it also implicates assignee liability, certainly. And that's the case in many of the cases that have been cited here. And the argument that assignee liability... An assignee can be held liable only to the extent that they are liable for any defenses that the plaintiff, you know, or the defendant, their defensive claims, are bringing as defenses against... that they could have brought against the originator of the loan, that they can still bring those defenses against subsequent assignees. And here, they're not bringing affirmative claims that relate to the loan origination. They are only bringing defensive claims that relate to unfair and deceptive debt collection practices by the current servicer and the current holder of the loan. Because they are continuing with full knowledge that the loan terms were unfair. They're continuing to attempt to collect against it and take foreclosure action against it without taking any remedial action to correct the unfairness of the terms. Thank you. Good afternoon, Your Honor. Peter Carr, representing the employees. Just a couple of points. This is a 2005 loan. 2008 default. 2009, we obtained counsel to attack the enforceability against the assignee. 2010 bankruptcy proceeding. And the 2011 adversary proceeding to contest the foreclosure, to avoid foreclosure, and to attack the enforceability by the assignee. What we have here is really an argument to a continuing violation theory. That theory eradicates, at least as I suggest, this court's determination of the limits of assignee liability in CERA, applying to a capitalist in the Supreme Judicial Court. It eradicates the rule in McKenzie that a lender has no obligation legally to modify a defaulted loan. Just to go to the actual grounds of the district court's opinion, as I understand it on the first Chapter 93A claim. The Chapter 93A claim. Correct. Two grounds is what I understand the district court gave or addressed. Stats and limitations. Stats and limitations was the ground of dismissal. Correct. And it rejected the Faria argument on the basis of Balda. That's correct. So could you just tell me why the statute of limitations argument is wrong, not by saying how it's in theory tension with all given, but just as a statute of limitations holding. Sure. So this case, like you say, I think it's White's right. Well, the reason the judge got it right is because of rulings such as Sheedy-Reif from this court. The claim arises when the law was originated in 2005. But that's not. That's the 93A claim. The 93A claim is about the Enforcement Act. Your Honor, with all respect, if that's the ruling from this court, then it just extends assignee liability because there's limitations on assignee liability under Massachusetts law. No, only if there's merit to the claim. I'm sorry? Only if there's merit to the claim. No, no. For purposes of statute of limitations, we don't decide whether it's a meritorious claim. We just decide what the time limits are. But if they lose on the 93A claim, if they win on statute of limitations and lose on the merits, it doesn't extend assignee liability at all. Certainly, my response to it is it does because under 93A liability, it's a four-year statute of limitations. The claim in this case, if you read the complaint, was that my client, as assignee, is liable for the origination conduct of Washington Mutual in 2005. That was the first claim. The thing that is triggering their claim, I understand, cannot be triggered until you begin to enforce. But their claim originally was we are liable because we stand in the shoes of the originating attorney lender as assignee. That was the original claim. They then jettisoned that and said, no, it's every time you set the monthly mortgage. What was the claim that the district court ruled on? The claim was what I just said, that they are liable for the origination conduct of Washington Mutual at origination. Independent of whether you enforced? That's correct. So if you have never enforced, they could have sued you? Could they have brought the 93A claim against you prior to you beginning to try and foreclose? Yes. And they did. They filed that in 2000. They retained counsel in 2000. Before you had taken any enforcement action? Other than to collect each monthly mortgage payment. Their claim is every time the services sends a monthly mortgage payment. Prior to your collection, could they have brought the claim? Yes, they could have based on their theories. Because their theory is every time you send a monthly mortgage statement. Before you sent the mortgage statement, could they have brought the claim? No, not against us. Because then the clock can't start before at least you sent the first mortgage statement. Correct, which was in 2008. Okay, so that's the time you wanted to run by? In 2008. In 2008 and 2009. What was the claim brought? They asserted a claim in bankruptcy in 2010, a claim contesting the enforcement of the mortgage loan. So that would be within the 4-year period? That was not within the 4-year period. Because we didn't start... I think they started in 2008 and I filed in 2010. That's correct, that was in bankruptcy. This case here was filed in 2018. I see. So, see, what they've argued to avoid the as-to-be liability statute of limitations cases, to your point, they have said every time you try to collect each month, you're liable for a new violation. That's a continuing violation theory based on origination conduct, and actually their theory is even worse, in my opinion, if you continue to try to collect as originated and refuse to modify, that's a 93A violation. Even though this court has said there's no duty to modify a defaulted loan. So they've taken 93... and I agree that a Chapter 93 claim, it can be a predicate, a derivative of a 93A claim, it's not freestanding, there's no private right of action, but their purported Chapter 93 collection claim, the then-enforcement claim, is every time you seek to have me pay the mortgage. So basically they're saying it was predatory origination, we knew about it, we didn't take any action, but every time you send a new mortgage statement seeking to have me pay the mortgage that you claim is predatory, you're liable. So now the asset needs are liable if they do nothing, other than seek to enforce the debt. At any time. This property hasn't been foreclosed on. Not yet. So it's been in default, basically, from the time that the loan was made. 2008. 2008. On the face of the foreclosure. If I'm not mistaken, we're passed on 2020. So it's been in default for basically 12 years. At the time it was filed, it was in default for 10 years. And now it's a couple more years. Right. And so I assume she still has the property. The property is in her name, Your Honor, and there was a question about damages and equitable relief. If you look at paragraphs 48 and 58 of the complaint, the claim is, I've been damaged. I suffered money damages. Paragraph 48. O'Brien has suffered damages because of our actions. Paragraph 58 is seeking to recover damages. That's why ball debt doesn't apply. That's why Tyria applies. That's why parole is instructed. Does she also make an equitable claim? Excuse me? Does she also seek equitable relief? In the request for relief, there's a prayer, but the claim is damages. I don't understand what that means. I mean, there's two claims. There's two claims of relief. You want damages and you want equitable relief. Tyria may stop the damages claim, but it might not stop the equitable relief. It may not, but I think that something bolder applies. Just so I understand, what was the action, according to the complaint, as you understand it, that they identify as the source of the 93A, the misconduct that the 93A claim is targeting? Is it the request for the mortgage payment? As I read the complaint, looking at paragraphs 50 and 51, where it says, Moreover, acid needs are liable for their predecessor's conduct. And it cites Tricapolis and it cites, and then paragraph 50, it says, The Supreme Judicial Court and First Circuit Court of Appeals agree that a mortgage is predatory and unenforceable where evidence shows that the mortgage cannot reasonably be repaid. But what do they identify as the conduct by? In other words, you could have a situation, 93A requires particularly bad business practices. Correct. So one thought would be, simply requesting the mortgage payment wouldn't be enough, but actually seeking to foreclose, that could take you into 93A territory. We could debate that, but I understand the point. Okay, if that's the case, then the statute of limitations issue starts to become more of a problem for you, right? No, because... When was the foreclosure action brought? There's no foreclosure. When was the... So what conduct of yours, other than requesting payment, has been made? I can't tell from the foreclosure claim. The injunction, what does the preparer for relief say they want injunctive relief against? Just foreclosure? Foreclosure of the property. So that's consistent with a 93A claim, which is identifying the problematic conduct as being the foreclosure action, which, if that's what they're talking about, it can't be untimely. It sure would be, because the predicate act is the predatory loan. You can't have likelihood of success of the merits without a claim. The claim is that we are asking these liable for the unfair and predatory loan. If the loan wasn't predatory at origination, then there's no basis to stop the foreclosure. Let me suppose... Suppose you brought a foreclosure action they had never sued. Yes. They then file a 93A claim of just this kind, seeking to enjoin the foreclosure. Would that be timely? No. So they have to seek immediately for declaratory relief to stop a foreclosure, even when they have no reason to think you're going to foreclose? There would be no standing to bring a lawsuit if there was no foreclosure. But that would suggest it's not untimely. No. The answer to the question is if they brought the action, they'd have to claim that the foreclosure is unlawful because the loan was predatory at origination. And this court has said that the statute of limitation accrues on that claim, that 93A Fremont claim, when the borrower knew or should have known that there was a problem with the loan. That's where that arises. So you're arguing that she knew that almost immediately because she was unable to pay, make the payments with the income she had. So it really goes back to 2008. My argument is that the 93A claim based upon the alleged predatory nature of the loan under Fremont accrued in either 2008 or 2009. Well, that 93A claim is based on the alleged attempt to foreclose on a predatory loan. Your Honor, the claim would be you violated... The claim would have to be either 93A or under the Massachusetts Predatory Home Loan Practices Act. And there's a five-year statute of limitation that says it runs from the date on which you closed the loan under Massachusetts law. This court addressed this exact issue with Sarah and Rashidi and rejected these arguments. And this is just a creative way to avoid what has already been decided by just saying, every time you try to collect make me pay my mortgage payment because the loan was of predatory origination. You lender, you as Sidney, not the original lender, you as Sidney are liable for that conduct in the 93A  Period. Thank you. Thank you, Your Honor.